# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDYN ROCHA, *individually and on behalf of all those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ALL THINGS GO LLC,<br><br>Defendant. | Case No. 1:25-cv-00741-JLT-SAB<br><br>ORDER REQUIRING PLAINTIFF TO FILE ENTRY OF DEFAULT<br><br>**DEADLINE: SEPTEMBER 29, 2025** |

      Plaintiff commenced this action on June 18, 2025. (ECF No. 1.) On September 19, 2025, Plaintiff filed a summons returned executed, indicating that service had been effectuated on Defendant with an answer due by July 11, 2025. (ECF No. 5.) The scheduling conference in this matter is currently set for October 30, 2025. (ECF No. 3.)

      Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process. Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, a plaintiff can move for default judgment. Fed. R. Civ. P. 55(b)(1), (2). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." In re Hammer, 940 F.2d 524, 525 (9th Cir.

1991) (cleaned up).

As Defendant in this matter has not appeared and has failed to answer, the Court will set a deadline for a request for entry of default to be filed by Plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall file a request for entry of default no later than **September 29, 2025**; and

2. Plaintiff is advised that failure to comply with this order may result in a recommendation that this action be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated: **September 22, 2025**

STANLEY A. BOONE
United States Magistrate Judge

2