# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDYN ROCHA,<br><br>Plaintiff,<br><br>v.<br><br>ALL THINGS GO, LLC,<br><br>Defendant. | Case No.  1:25-cv-00741-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 12)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Pending before the Court is Plaintiff Jordyn Rocha's motion for default judgment. Plaintiff seeks default judgment against Defendant All Things Go LLC ("Defendant" or "All Things Go"). No opposition to the motion was filed. On January 7, 2026, the Court held a hearing on the motion, at which no appearance was made on behalf of Defendant. Having considered the moving papers, the declarations and exhibits attached thereto, as well as the Court's file, the Court issues the following findings and recommendations recommending granting Plaintiff's motion for default judgment.

///

///

///

///

///

1

# I.

# BACKGROUND

### A.    Procedural History

On June 18, 2025, Plaintiff filed this action against Defendant.  (ECF No. 1.)  Defendant did not respond to the complaint.  On September 29, 2025, Plaintiff requested an entry of default be entered against Defendant, (ECF No. 8), and the Clerk of the Court entered an entry of default the following day.  (ECF No. 9.)

On November 6, 2025, Plaintiff filed a motion for default judgment against Defendant. (ECF No. 12.)  Defendant did not file an opposition to the motion or otherwise appear in this action.  The deadline to file an opposition has expired.  See L.R. 230(c).

On January 7, 2025, the Court held a hearing with the courtroom open to the public.  (ECF No. 14.)  Counsel Gerald D. Lane, Jr. appeared on behalf of Plaintiff.  No one appeared on behalf of Defendant.  As instructed by the Court, Plaintiff submitted supplemental briefing.  (ECF No. 17.)

### B.    Allegations in the Complaint

Plaintiff brings claims against Defendant All Things Go for violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq.  (ECF No. 1.)

Between the dates of April 22, 2025, and April 25, 2025, Defendant made several telephone solicitations to Plaintiff's cellular telephone.  (Id. at ¶ 14.)  Defendant sent Plaintiff five marketing text messages before the hour of 8 a.m. or after 9 p.m.  (Id. at ¶ 16.)  Plaintiff utilizes the cellular telephone that received Defendant's text messages for personal purposes, and the number is Plaintiff's residential telephone line.  (Id. at ¶ 19.)  Plaintiff never signed any type of authorization permitting or allowing Defendant to send telephone solicitations before 8 a.m. or after 9 p.m.  (Id. at ¶ 21.)  Defendant's conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff.  (Id. at ¶ 22.)

/ / /

/ / /

/ / /

## II.

## LEGAL STANDARD

"[D]efault judgments are ordinarily disfavored" because "[c]ases should be decided upon their merits whenever reasonably possible." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986)).  Pursuant to Federal Rule of Civil Procedure ("Rule") 55, obtaining a default judgment is a two-step process. Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a). After entry of default, a plaintiff can seek entry of default judgment.  Fed. R. Civ. P. 55(b).  Rule 55(b)(2) provides the framework for the Court to enter a default judgment:

> Entering a Default Judgment.
>
> (2) By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

Id.

The decision to grant a motion for default judgment is within the discretion of the court. PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  The Ninth Circuit has set forth the following seven factors (the "Eitel factors") that the Court may consider in exercising its discretion: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's

substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel, 782 F.2d at 1471-72.

Generally, once default has been entered, "the factual allegations of the complaint, except those relating to damages, will be taken as true." Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)); see also Fed. R. Civ. P. 8(b)(6). The amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1236 (E.D. Cal. 2008). Additionally, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (internal citation omitted). The relief sought must not be different in kind or exceed the amount that is demanded in the pleadings. Fed. R. Civ. P. 54(c).

### III.

### DISCUSSION

Before evaluating the Eitel factors to determine whether default judgment should be entered, the Court must first determine whether service of process was properly effectuated.

#### A. Service of Process

The Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment. See Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc. (Direct Mail), 840 F.2d 685, 688 (9th Cir. 1988) (citations omitted). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Id. (quoting United Food & Com. Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)). However, "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" Id. (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)). "Once service is challenged,

plaintiffs bear the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). "[A] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." SEC v. Internet Sols. for Bus., Inc., 509 F.3d 1161, 1163 (9th Cir. 2007).

Plaintiff is suing a limited liability company in this action. Federal Rule of Civil Procedure 4(h) governs service on a legal entity, such as a domestic corporation, partnership, or limited liability company. Under 4(h), service of process is satisfied by the manner prescribed by Rule 4(e)(1) for serving an individual or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Defendant All Things Go is a New York limited liability company with its headquarters located in Washington, D.C. (ECF No. 1, ¶ 8.) Under its Articles of Incorporation, All Things Go listed United States Corporation Agents, Inc., located at 7014 13th Avenue, Suite 202, Brooklyn, NY 11228 as its agent for service of process. (See ECF No. 17-4, p. 2.) Here, the proof of service reflects that Plaintiff served United States Corporation Agents Inc., by personally serving Intake Specialist Gabriella Forgacs with the summons and complaint to 7014 13th Ave, Suite 202, Brooklyn, NY 11228 on June 20, 2025, (ECF No. 5.)[1]

Accordingly, the Court finds that Defendant All Things Go was adequately served with the summons and complaint pursuant to Federal Rule of Civil Procedure 4.

### B. Eitel Factors

The Court finds that consideration of the Eitel factors weighs in favor of granting default judgment in favor of Plaintiff.

### 1. Possibility of Prejudice Toward Plaintiff

The first factor considered is whether Plaintiff would suffer prejudice if default is not entered. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Generally, where default has been entered

---

[1] The record also reflects that Plaintiff re-served all documents, including the entry of default, to Defendant's registered agent in Washington, D.C. on October 7, 2025. (ECF No. 11.) Additionally, the Court observes that after service, on December 29, 2025, All Things Go filed a certificate of change updating its New York registered agent to EResident Agent, Inc., located at 1 Rockerfeller Plaza, Suite 1204, New York, NY 10020. (See ECF No. 17-4, pp. 9-10.)

against a defendant, a plaintiff has no other means by which to recover against that defendant. Id.; Moroccanoil, Inc. v. Allstate Beauty Prods., 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012). Here, the Court finds that Plaintiff would be prejudiced if default judgment were not granted because Plaintiff does not have any other way to recover against Defendant. See Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014). This factor weighs in favor of default judgment against Defendant.

2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

The second and third Eitel factors, taken together, "require that a plaintiff state a claim on which the [plaintiff] may recover. PepsiCo, Inc., 238 F. Supp. 2d at 1175 (brackets in original). Plaintiff alleges that Defendant violated the TCPA and its implementing regulation, 47 C.F.R. § 64.1200(c)(1), by sending text messages at unlawful times. (ECF No. 1, ¶ 38.) Under 47 C.F.R. § 64.1200(c)(1), "[n]o person or entity shall initiate any telephone solicitation to [a]ny residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)…." Plaintiff brings this action pursuant to 47 U.S.C. § 227(c)(5), which enables "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" to bring an action for damages or injunctive relief.

A text message is a "call" within the meaning of the TCPA. Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009). Plaintiff alleges that she received five text messages from Defendant before the hour of 8 a.m. or after 9 p.m. between the dates of April 22, 2025 and April 25, 2025. (ECF No. 1, ¶¶ 14-16.) Plaintiff never signed any type of authorization permitting or allowing Defendant to send telephone solicitations before 8 a.m. or after 9 p.m. (Id. at ¶ 21.) Plaintiff has properly alleged facts that would support a finding that Defendant violated the TCPA. Accordingly, the second and third Eitel factors likewise favor entry of default judgment against Defendant.

3. The Sum of Money at Stake in the Action

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at

1176. "Default judgment is disfavored when the sum of money at stake is too large or unreasonable in relation to defendant's conduct." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). Here, Plaintiff is seeking statutory damages in the amount of $2,500, reflecting five TCPA violations by Defendant. (ECF No. 12-3, p. 5.) Statutory damages of up to $500.00 for each violation are available to Plaintiff under the TCPA. 47 U.S.C. § 227(b)(3)(B). Thus, the amount at stake is proportional to Defendant's conduct. Accordingly, this factor does not weigh against default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

The fifth Eitel factor considers the possibility of a dispute concerning material facts. As discussed above, Plaintiff has sufficiently alleged that Defendant violated the TCPA. The Court finds this factor weighs in favor of entering default judgment as there is no possibility of dispute regarding the material facts due to the factual allegations being taken as true upon Defendant's default. See Garamendi, 683 F.3d at 1080; PepsiCo, Inc., 238 F. Supp. 2d at 1177. Accordingly, the Court finds this Eitel factor weighs in favor of granting default judgment.

### 5. Whether Default Was Due to Excusable Neglect

The sixth Eitel factor considers the possibility that a defendant's default resulted from excusable neglect. PepsiCo, Inc., 238 F. Supp. 2d at 1177. Courts have found that where a defendant was "properly served with the complaint, the notice of entry of default, as well as the paper in support of the [default judgment] motion," there is no evidence of excusable neglect. Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). The Court finds this factor weighs in favor of granting default judgment because Defendant has failed to file a responsive pleading or otherwise appear in the action, despite being properly served. See id.

### 6. Policy Favoring a Decision on the Merits

Under the seventh factor, the Ninth Circuit has stated that "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at

1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Given the prejudice to Plaintiff if default judgment is not granted, and the merits of the allegations contained in the complaint, granting default judgment in this case would not violate the general policy under the Federal Rules of Civil Procedure favoring decisions on the merits. See PepsiCo Inc., 238 F. Supp. 2d at 1177. Accordingly, the Court finds the policy favoring decisions on the merit does not weigh against entering default judgment against Defendants under these circumstances.

In sum, the Court finds that the Eitel factors weigh in favor of granting default judgment and will recommend that Plaintiff's motion for default judgment be granted. The Court now turns to the requested relief.

### C.      Requested Relief

The TCPA provides for statutory damages of $500 per violation. See 47 U.S.C. § 227(c)(5). Plaintiff seeks a total of $2,500 for the five text messages sent by Defendant. (ECF No. 1, p. 2.) This amount is consistent with Section 227(c)(5). Accordingly, the undersigned recommends that Plaintiff be awarded a total of $2,500 in statutory damages.

### IV.

### CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for default judgment (ECF No. 12) be GRANTED and that Plaintiff be awarded $2,500.00 in damages.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th

Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 18, 2026**

STANLEY A. BOONE
United States Magistrate Judge